PEOPLE v TEBO

PEOPLE v NOLIN

PEOPLE v HORNING

Docket Nos. 70730, 70731. Submitted November 8, 1983, at Lansing.—
Decided February 15, 1984.

James C. Tebo, Kirk R. Nolin and Ronald F. Horning were each
charged, in separate incidents, with operating a motor vehicle
under the influence of intoxicating liquor and were adminis-
tered Breathalyzer tests. In each case the defendants' attorneys
requested the test ampoules, which had been routinely dis-
carded by police officers after administration of the tests. In the
case of defendants Tebo and Nolin, a judge of the 66th District
Court ordered that the results of the Breathalyzer tests should
be suppressed because the police had failed to preserve the
ampoules. In the case of Horning, another 66th District Court
judge denied Horning's request for suppression of the test
results. The three cases were appealed to the Shiawassee
Circuit Court and were consolidated therein. The circuit court,
Peter J. Marutiak, J., ordered that the Breathalyzer test results
should be suppressed in any case where the ampoules were
requested by the defense within ten days of the administration
of the test and the prosecution failed to supply them. The
people appeal by leave granted from the circuit court's order.
*Held:*

The routine discarding of the ampoules does not constitute
an impermissible suppression of evidence which requires the
subsequent suppression of the test results. A person who has
been requested to take the test has the opportunity, pursuant
to statute, to have an independent test performed. Further-
more, each of the defendants in this case did, in fact, have two
tests with virtually identical results. The trial court erred in
suppressing the results of those tests.

Reversed.

---

REFERENCES FOR POINTS IN HEADNOTE

7A Am Jur 2d, Automobile and Highway Traffic §§ 307, 377.

29 Am Jur 2d, Evidence § 830.

Destruction of ampoule used in alcohol breath test as warranting
suppression of result of test. 19 ALR4th 509.

INTOXICATING LIQUORS — BREATHALYZER TEST — EVIDENCE.
The routine discarding by law enforcement officials of nonreusable test ampoules used in administering a Breathalyzer test does not constitute an impermissible suppression of evidence; a motor vehicle driver charged with an alcohol-related offense who has been requested to take a test has the opportunity, pursuant to statute, to have an independent test (MCL 257.625a[3]; MSA 9.2325[1][3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David E. McClernan,* Prosecuting Attorney, and *José Tomás Brown,* Assistant Prosecuting Attorney, for the people.

*Fitzgerald & Dumon, P.C.* (by *Robert D. Ashley),* for defendant Nolin.

Before: HOOD, P.J., and R. B. BURNS and R. M. SHUSTER,* JJ.

PER CURIAM. In these consolidated cases, leave to appeal an order of the Shiawassee County Circuit Court was granted. The order stated that Breathalyzer test ampoules may have probative value and that the police must preserve the ampoules by reasonable means by placing them in a sealed container. It also required that the Breathalyzer test ampoules be supplied to a defendant or his agent upon request by the defense made within ten days of the date of the test, that police agencies shall not be required to add any quenching agent to any test ampoule, and that, in all cases before the court and those pending in 66th District Court where Breathalyzer test ampoules have been requested by the defense within ten days of the date of the arrest and the ampoules have not been supplied by the prosecution, the Breathalyzer test results are to be suppressed and shall not be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

admissible in any subsequent proceeding. In addition, the order stated that it would not affect the validity of any prior guilty plea or affect any appellate right of any defendant.

Defendant Tebo was arrested for operating a motor vehicle under the influence of intoxicating liquor on September 30, 1981. On the same date, Mr. Tebo's blood alcohol content according to the Breathalyzer test reports was .19% for test #1, and .19% for test #2. The ampoules were discarded as part of routine police practice after performance of the Breathalyzer examination. An appearance was filed by defendant's attorney on October 5, 1981, which included a demand for the ampoules. Some six days had elapsed between the date of the Breathalyzer examination and defendant Tebo's demand.

Similarly, defendant Nolin was arrested for operating a motor vehicle under the influence of intoxicating liquor on April 7, 1982. On that date, Mr. Nolin's blood alcohol content, according to the Breathalyzer test reports, was .16% for test #1 and .16% for test #2. Ampoules from this Breathalyzer examination also were discarded. An appearance was filed by defendant's attorney on April 12, 1982, which included a demand for ampoules. Five days had elapsed between the date of the Breathalyzer examination and defendant Nolin's demand.

Both defendants Tebo and Nolin moved to suppress the Breathalyzer results on the grounds that the prosecution had failed to preserve the ampoules according to *People v Stark,* 73 Mich App 332; 251 NW2d 574 (1977). Sixty-sixth District Court Judge George L. BeGole ruled in favor of defendants and ordered the Breathalyzer results suppressed on December 15, 1982.

Defendant Horning was arrested for operating a vehicle under the influence of intoxicating liquor on June 25, 1982. On the same date, defendant's blood alcohol content, according to the Breathalyzer test reports, was .18% for test #1 and .19% for test #2. The police discarded the ampoules used in the Breathalyzer examination. An appearance, which included a demand for the ampoules, was filed by his attorney on July 26, 1982; 31 days had elapsed between the date of the Breathalyzer examination and defendant Horning's demand. Based upon this demand, defendant Horning also moved to suppress the Breathalyzer results. The motion was based upon *People v Stark, supra.* Sixty-sixth District Judge Bruce A. Fox denied defendant's motion relying upon the reasoning of *Barr v Fox,* Shiawassee County Circuit Court No. 6769 (1975).

All three cases were consolidated before the circuit judge.

The circuit court order suppressing the Breathalyzer results provides in pertinent part:

"This matter having come before the court on appeals by both the prosecution and the defense from conflicting rulings by the two district judges in the 66th Judicial District.

"And the parties having stipulated that the issue before this court is whether or not the prosecution must supply to the defendant or his attorney the Breathalyzer test ampoules utilized in the Breathalyzer tests administered to the defendant upon his arrest for the alleged offense of operating a motor vehicle while under the influence of intoxicating liquor, upon a timely demand for said ampoules, and

"The parties having stipulated that a hearing be set by the court for the purpose of hearing the testimony of expert witnesses by each side as to whether or not said test ampoules can be preserved and retested and are

therefore evidence of probative value to the defense such that due process requires the production of the same to the defense so that an independent retest can be run by the defense, and

"The parties having appeared in open court, the prosecution being represented by José T. Brown, Assistant Prosecutor, and the defense being represented by Gordon W. Hoy and Robert D. Ashley, and the court having heard the testimony of Dr. William Reusch for the defense and Dr. Edgar Kivela for the people, both duly qualified expert witnesses on the matter at issue, and being fully advised in the premises,

"Now, therefore, it is the ruling of this court that said Breathalyzer test ampoules may have probative value and that the police must preserve the same by reasonable means by placing them in a sealed container.

"It is further ordered that said Breathalyzer test ampoules must be supplied to the defendant or his agent upon a request by the defense made within ten days of the date of the test.

"It is further ordered that the police agencies shall not be required to add any quenching agent to any test ampoule.

"It is further ordered that in all cases before this court and pending in the 66th District Court wherein Breathalyzer test ampoules have been requested by the defense within ten days of the date of the test, and the same have not been supplied by the prosecution, the Breathalyzer test results are hereby suppressed and shall not be admissible in any subsequent proceeding.

"It is further ordered that this order shall not affect the validity of any guilty plea entered prior hereto nor shall it affect any appellate right of any defendant."

In *People v Stark,* 73 Mich App 332, 334; 251 NW2d 574 (1977), this Court stated:

"This appeal presents an issue of first impression in this jurisdiction:

" 'Subsequent to the administration of a Breathalyzer test, does the routine practice, on the part of law

enforcement officials, of discarding the nonreusable ampoules used in the test constitute a constitutionally impermissible suppression of evidence violative of due process of law?'

"Defendant contends that the answer to this question is 'yes', thus necessitating reversal of his third (felony) conviction of driving under the influence of intoxicating liquor. MCL 257.625; MSA 9.2325. We disagree, and affirm the conviction."

As a further observation, we stated in *Stark, supra,* pp 336-337:

"In *State v Bryan,* 133 NJ Super 369, 374; 336 A2d 511, 514 (1974), the Superior Court of New Jersey concluded that '[t]he State should not be forced to afford the defendant a second chance to check the workability of the machine when defendant has the opportunity under [the statute] to an independent test'. Such an independent test is expressly provided for by MCL 257.625a(3); MSA 9.2325(1)(3). This opportunity, which defendant did not exercise, renders his assertion of a due process violation less than persuasive. We are also cognizant that this defendant did in fact have two Breathalyzer tests (with different ampoules) with virtually identical results."

In the present case, each of the defendants had two Breathalyzer tests with virtually identical results and an opportunity to have a test of his own.

Reversed.